BASTING v. BROOKLYN HEIGHTS R. CO. 39 A D 624

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

STREET RAILWAY—ACCIDENT TO PASSENGER—EVIDENCE.

Testimony of plaintiff that, after defendant's car had stopped, she was alighting from the rear platform, with her right hand on the rail of the dashboard, and one foot in the air, ready to step off, when the car started, throwing her "forward," is not necessarily untrue.

Appeal from trial term, Kings county.

Action by Sophie Basting, an infant, by Sophie Loose, her guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment on a verdict of $6,500 for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.

Robert S. Kristeller, for respondent.

GOODRICH, P. J. The plaintiff, a young woman about 20 years of age, sues to recover damages for injuries resulting from being thrown from a car of the defendant's at the point where it turned from court street into Hamilton avenue. The trial was peculiar in the fact that the plaintiff was the only witness to the accident, but a careful reading of her testimony satisfies me that there was no possible alternative to the submission of the issues to the jury, and it is difficult to predicate error of a submission of questions to the jury when a failure to submit would have involved reversal. The plaintiff's testimony was reasonable, and apparently truthful, although there are certain matters which, if there had been contradictory evidence, might have justified the jury in finding a verdict for the defendant. She testified that the car had stopped, and that she was in the act of alighting from the rear platform, with her right hand upon the rail of the dashboard, and one foot in the air, ready to step off, when the car started, by

reason of which she was thrown forward, instead of backward; and the defendant's counsel insisted that such a story bore its own refutation. We are not prepared to agree with counsel on this proposition, for the study of accidents shows strange and inscrutable results, sometimes stranger than fiction. The plaintiff may have been shaken from her balance, or her foot may have slipped to the rear, and so she may have fallen forward. We cannot tell the method, but that was just the question properly submitted to the jury, in a fair and guarded charge, and we cannot interfere with the verdict.

The plaintiff testified that the car was numbered "nine forty something," and the defendant gave evidence tending to show that there was no car numbered from 940 to 949 on the route on the day of the accident, and that there was no report of any accident, although the rules of the company required such report. This evidence was admitted by the court to explain the reason why no motorman or conductor was called as a witness for the defendant. But on the cross-examination the plaintiff said: "I remember it [the number] was two forty something, but I am not sure; nine forty something, but I don't remember what;" and it is not strange that, in the excitement of her fall, she did not clearly notice, and afterwards remember, the number.

A more serious question is raised as to the amount of the verdict, but I think there is sufficient evidence to uphold it. The plaintiff testified that she had been in good health before the accident, and weighed 130 pounds; that shortly after the accident she began to have very serious troubles, and was under the care of a physician for several months. The evidence shows that at the time of the trial the condition of her health was very bad, and that she weighed only 98 pounds. It is unnecessary to state the details of her condition, as the defendant's counsel, on the argument, conceded that, if this condition resulted from the accident, the verdict was not excessive, and the jury have found that it did. Two physicians who had examined the plaintiff, one of whom had attended her before and also after the accident, were examined for the plaintiff, but the defendant called no physician, although the evidence discloses the fact that the plaintiff had been examined by the defendant's physician before the trial. The charge of the learned trial justice was so clear that no exception was taken by either party. The validity of the exceptions to the admission of certain evidence on the part of the plaintiff depended on the question whether the plaintiff had given evidence tending to show that she received the injuries in the manner and at the time of the accident, and this does not require further consideration.

The judgment must be affirmed.

Judgment and order affirmed, with costs. All concur.